Kalaeokekoi *v.* D. Kahanu.

S. B. Dole for plaintiffs.

R. F. Bickerton for defendants.

Honolulu, May 22, 1882.

SUPREME COURT—IN BANCO.

APRIL TERM—1882.

*Judd, C. J., McCully and Austin, J.J.*

KALAEOKEKOI *vs.* D. KAHANU.

ON EXCEPTIONS.

A RECORD OF AN ESTATE in Probate containing evidence material to plaintiff's case was offered by plaintiff after the defendant had closed. This was refused to be admitted by the Court as not being properly in rebuttal ;

HELD, no error.

The Court charged, "that if one living on land by consent of the owner and while so living began to hold adversely to the owner, in order to derive title by twenty years adverse possession the owner must have notice of the beginning of his adverse holding ;"

HELD, no error, it being in accord with Kaaihue *v.* Crabbe, 3 Haw. Rep., 774.

Intoxication of a juror and his violent conduct in the jury room renders him incompetent and vitiates the verdict, he being one of the nine jurors who found the verdict.

The affidavit of a fellow juror to prove such intoxication, is admissible, it not revealing the deliberations of the jury.

61

An invitation to the jurors to dinner given by the successful defend-
ant while the jury were leaving the Court room and accepted by
them is improper conduct and a species of bribery.

Opinion of the Court by JUDD, C. J.

This was an action of ejectment to recover a piece of land
in Honolulu.

The first exception is to the refusal of the Court to allow
the record offered by the plaintiff after defendant had closed,
of the proceedings in probate, in the matter of the estate of
Kalaeokekoi, sen., in 1860, wherein the estate was decreed to
Keaka, the mother of the plaintiff. The evidence was direct
testimony for the plaintiff, and he had his opportunity of
introducing it when he was putting his case to the jury. It
did not rebut the new matter introduced by the defense, and
the Court was right in refusing to admit at this stage.

The second exception is to the following charge of the
Court : "That if one living on land by consent of the owner,
and while so living began to hold adversely to the owner, in
order to derive title by twenty years adverse possession, the
owner must have notice of the beginning of his adverse hold-
ing that he so held."

In Kaaihue *vs.* Crabbe, 3d Haw. Rep., 774, this Court
adopted the views of Washburn as laid down in his 2d volume
on real estate, p. 490, as follows : " Where, therefore, one
enters in subserviency to the title of the real owner, there
must be a clear, positive and distinct disclaimer and disavowal
of the title under which he entered, and an assertion of an
adverse right brought home to the owner in order to lay a
foundation for the operation of the Statute of Limitations."
The charge to the jury given accords with this decision and
was right.

The remaining exceptions are withdrawn. We now con-
sider the motion for a new trial on the ground of the alleged
incompetency of the juror, J. Hamauku, by reason of his
intoxication, and the alleged improper influence exerted by

defendant over the jury. The affidavit of Rev. H. H. Parker is to the effect that for the last few months the said juror has been in a state of mental aberration, sometimes complete and sometimes only partial, caused by excessive drinking as the defendant believes. The clerk of this Court deposes that the said juror appeared to him to be under the influence of intoxicating liquor while sitting as a juror.

The affidavit of Levi Isaac, one of the jurors, is objected to under the ruling of the case of Rex *vs.* Kahalewai, 3 Haw. Rep., 465, which decided that jurors cannot be permitted to disclose their deliberations and proceedings while consulting together, on the ground that their communications are confidential and secret and should be kept so. But this affidavit, so far as it describes the violent actions and extraordinary conduct of the juror Hamauku, as indicating a state of intoxication while in the jury room, is admissible without transcending the principle of Kahalewai's case that the sanctity of their discussions is to be preserved. The Court is itself aware of the proceedings of the jury when they came into Court. The juror Hamauku declared that he was foreman and that their verdict was unanimous for the defendant. Thereupon several of the jury declared that they had not come to a conclusion and that the verdict was not unanimous, and four jurors appearing to dissent, the Court said that there was no verdict and sent them back for further deliberation, and they afterwards returned a verdict for the defendant, three dissenting. The Court is of the opinion that the juror Hamauku was not in a condition of mind to give the case the considertion which the law requires, and that the affidavits show such misconduct on his part as would vitiate the trial. He was one of the nine who found the verdict, and being incompetent by reason of intoxication there was no legal verdict.

There are other affidavits submitted showing that the defendant, immediately on the verdict being rendered in his favor, invited the jury to dine at his expense. This was done

even while the jury were leaving the Court room.   The proof is made also that the jury accepted the invitation and were treated to a dinner in a public restaurant in our town.   This was a reward given by a successful suitor to the jury, as if they had shown him a favor which was thus to be compensated.   Whether this was in pursuance of a promise to this effect made before the trial it is impossible to say.   But whether it was so or not, we cannot allow this to pass unrebuked, for if this practice should be continued, juries would be led to expect such favors in every case, and a tacit understanding that certain parties if they should win would treat the jury would be equivalent to a promise to treat them, and the jury would be tempted to let the verdict go in favor of that one of the parties litigant whose liberality or means would ensure them the most generous entertainment.   Juries are to discharge their responsible duties without expectation of receiving favors of any description from successful parties. Such practices are a species of bribery, and if, when brought to the notice of the Court, they should be overlooked, they would encourage still greater corruption.

The public treating of a jury by a successful litigant was an indecent and demoralizing spectacle, and tended to bring the administration of justice into disrepute.   For the above reasons a new trial should be granted and it is so ordered.

S. B. Dole and J. L. Kaulukou for plaintiff.

J. M. Davidson for defendant.

Honolulu, May 23, 1882.